Bbeitel, J.
(dissenting.). The absence of mutuality of -estoppel in the present case is not disturbing and one must conclude, in agreement with the majority, that mutuality no longer has standing as an absolute test. But it is the absence of privity of relationship between the first plaintiff who obtained the prior judgment against defendant and the present plaintiff which should be a matter of concern; hence, the caution which should be exercised in allowing affirmative or ‘ ‘ offensive • use ” of a prior judgment. To say of a plaintiff that he has had his day in court in a litigation of his own choosing is not as aptly said of a defendant.
Stated concretely, the issue in this case is whether a defendant truck owner cast in judgment in a personal injury action brought by the driver of the other automobile involved is bound by that judgment on the issues of liability in the subsequent action by the owner of the other automobile to recover for property damage. There is, of course, no unity of litigation interest between *149 the two plaintiffs and the practical risks of litigation in a personal injury action and a property damage action are different. Perhaps, more important, in this age of widespread liability insurance there is no certainty of identity in the liability carriers for personal injury claims and property damage claims, and, of course, the law may not generally take direct notice of that difference. This is particularly true with respect to commercial or industrial owners of fleets of vehicles. Hence, there is little probability of equal commitment of time, money, and talent in the different litigations. A converse situation could be even more grievous in effect, namely, where the prior judgment may have been for the relatively small amount of property damage incurred, and it is sought to give that judgment binding effect in a personal injury action involving claims for huge sums.
These are some of the practical disadvantages in a too facile extension of the doctrine of res judicata in hitherto unexplored areas. As for the offsetting disadvantage of duplicating the trial of issues in litigation, this does not weigh heavily in measuring the balance of convenience. The present rules in this area have subsisted for a long time and there is no great amount of such duplicated litigation.
Above all, the problems in this area turn on broad questions of policy and practicality as all questions of essential justice do. That means that the correct course is not discovered by ignoring the practical effects and concentrating on formal relations of parties and formalistic findings of identical issues and the identity of but one side of the two actions compared. This, of course, has nothing to do with mutuality of estoppel which itself was a doctrine carried too far by being analyzed solely on an abstract basis.
The considerations just discussed are undoubtedly reflected in the limitations on the doctrine expressed in the Restatement (Restatement, Judgments, § 93, Comment b). Quite relevant on the issues of policy are the following studies: von Moschzisker, Res Judicata (38 Yale L. J. 299, 303); Collateral Estoppel in New York (36 N. Y. U. L. Rev. 1158, 1161-1168).
For these reasons the denial of summary judgment to plaintiff should be affirmed.
*150 Chief Judge Fuld and Judges Burke and Keating concur with Judge Sgileppi; Judge Breitel dissents in an opinion in which Judges Van Voorhis and Bergan concur.
Order of Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division. Question certified answered in the affirmative.